UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FELICIA ANTIONETTE FISHER,   )<br>                                                     )<br>         Petitioner,                         )<br>                                                     )<br>v.                                                 )        Civil Action No. 1:25-cv-03043 (UNA)<br>                                                     )<br>                                                     )<br>ANDREA L. HERTZFELD,           )<br>                                                     )<br>         Respondent.                       ) | |

## MEMORANDUM OPINION

This matter is before the Court on its initial review of, *inter alia*, Petitioner's *pro se* Petition for Mandamus, ECF No. 1, and her Application for Leave to Proceed *in forma pauperis*, ECF No. 2. The Court grants the *in forma pauperis* Application, and for the reasons discussed below, it dismisses this case without prejudice.

Petitioner, a resident of the District, sues a D.C. Superior Court judge who presided over criminal proceedings filed against her in D.C. Superior Court, *see U.S. v. Fisher*, No. 2025 CF2 000131 (D.C. Super. Ct. filed Jan. 4, 2025) ("*Fisher I*");[1] *see* Pet. at 1. She challenges the constitutionality and general propriety of previous determinations made by the court in *Fisher I*, including limitations on Petitioner's "right to bear arms" and on her ability to appear for proceedings remotely. Petitioner also challenges the court's orders instituting Plaintiff's mental health evaluations. *See id*. at 1–2. She seeks a writ of mandamus from this Court directing the Superior Court to cease any court-ordered mental health evaluations. *See id*. at 2.

---

[1] A court may take judicial notice of the docket and facts on the public record in other court proceedings. *See Covad Commc'ns Co. v. Bell Atl. Corp.*, 407 F.3d 1220, 1222 (D.C. Cir. 2005).

First, Petitioner has failed to establish subject matter jurisdiction. Federal district courts generally lack jurisdiction to intervene or review actions before the Superior Court. *See Richardson v. Dist. of Columbia Court of Appeals*, 83 F.3d 1513, 1514 (D.C. Cir. 1996) (citations omitted).

And, relevant here, "[w]here the proceedings begin in Superior Court, the defendant can raise any constitutional claims in that court, appeal an adverse decision to the District of Columbia Court of Appeals, and if still dissatisfied seek review in the United States Supreme Court." *JMM Corp. v. Dist. of Columbia*, 378 F.3d 1117, 1121 (D.C. Cir. 2004). Although Petitioner contends that an "appeal is not an effective remedy" because she requires immediate relief, *see* Pet. at 2, she is incorrect; to seek immediate relief, she may, in fact, attempt to file an interlocutory appeal to the D.C. Court of Appeals, *see* D.C. Code § 11–721(a)(2).

Second, the extraordinary remedy of a writ of mandamus is available to compel an "officer or employee of the United States or any agency thereof to perform a duty owed to plaintiff." 28 U.S.C. § 1361. A petitioner bears a heavy burden of showing that his right to a writ of mandamus is "clear and indisputable." *In re Cheney*, 406 F.3d 723, 729 (D.C. Cir. 2005) (citation omitted). "It is well-settled that a writ of mandamus is not available to compel discretionary acts." *Cox v. Sec'y of Labor*, 739 F. Supp. 28, 30 (D.D.C. 1990) (citing cases). Mandamus is considered "drastic," and is available only in extraordinary situations. *See Cheney*, 406 F.3d at 729 (citations omitted). Only if "(1) a plaintiff has a clear right to relief, (2) a defendant has a clear duty to act, and (3) there is no other adequate remedy available to the plaintiff," *Thomas v. Holder*, 750 F.3d 899, 903 (D.C. Cir. 2014), is mandamus relief granted.

Petitioner's mandamus claim fails at the outset because she has not sued any federal officer or employee. Even if she had, it is of no consequence, because her allegations fall well short of

the high bar for mandamus relief. She neglects the first two elements, addressing only the third, alleging that she has no other adequate remedy, *see* Pet. at 1, but as already discussed above, she has the right of appeal to the D.C. Court of Appeals.

Finally, Petitioner cites in passing to the All-Writs Act, 28 U.S.C. § 1651, *see* Pet. at 1, "but there is no debate that the only court with authority to grant the writ is the court that issued the underlying judgment or order that will be affected by granting the writ." *Aka v. Holder*, No. 09 1526, 2009 WL 2496712, at *1 (D.D.C. Aug. 13, 2009) (citations omitted). Accordingly, Petitioner has no recourse in this Court to circuitously challenge the determinations made in *Fisher I* by and through the All Writs Act.

For these reasons, the Court dismisses the Petition, ECF No. 1, without prejudice. Petitioner's Motion for Temporary Restraining Order, ECF No. 3, seeking the same relief, is denied for the same reasons, and her Motion for CM/ECF Password, ECF No. 4, is denied as moot. An Order consistent with this Memorandum Opinion is issued separately.

Date: December 9, 2025

/s/_____
ANA C. REYES
United States District Judge